IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02956-BNB

DAVID WATTS,

    Applicant,

v.

ARISTEDES ZAVARAS, Executive Dir., CO DOC,
KEVIN MILYARD, Warden, S.C.F.,
DON MORTON, CO-DOC Interstate Compact Coordinator, and
MS. SOARES, Associate Warden S.C.F.,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 12 2011

GREGORY C. LANGHAM
               CLERK

---

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

---

This matter is before the Court on the motion titled "Motion(s) For Emergency Court Orders" that Applicant, David Watts, filed with the Court on January 3, 2011.

In the January 3 motion, Mr. Watts asks this Court to issue an emergency order for an injunction to prevent prison staff from harassing and threatening him, and to allow him two days per week in the law library instead of only one, apparently in order to comply with the Court's order to cure deficiencies dated December 10, 2010.

The Court must construe the motion liberally because Mr. Watts is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be construed as a motion for a preliminary injunction, and will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Watts is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Mr. Watts allegations concerning the harassment and threats against him are speculative. His assertions concerning his limited time in the law library do not demonstrate that he is being denied access to the courts or treated in a manner unequal to other similarly situated inmates. Therefore, Mr. Watts does not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest. The motion for a preliminary injunction will be denied. Accordingly, it is

2

ORDERED that the motion titled "Motion(s) for Emergency Court Orders" (document no. 5) that Applicant David Watts, filed with the Court on January 3, 2011, is liberally construed as a motion for preliminary injunction, and is denied.

DATED at Denver, Colorado, this 11th day of January, 2011.

BY THE COURT:

_Zita Leeson Weinshienk_
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   10-cv-02956-BNB

David Watts
Prisoner No. 140908
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on January 12, 2011.

GREGORY C. LANGHAM, CLERK

By: _/s/_____
       Deputy Clerk