FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 16 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02956-BNB

DAVID WATTS,

    Applicant,

v.

KEVIN MILYARD (S.C.F. Warden),

    Respondent.

## ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the emergency motion to reconsider that Applicant, David Watts, filed *pro se* with the Court on January 28, 2011. In the motion, Mr. Watts asks the Court to reconsider its order filed on January 12, 2011, which denied the motion for a preliminary injunction he filed with the Court on January 3, 2011. Mr. Watts is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling Correctional Facility.

The Court must construe the motion to reconsider liberally because Mr. Watts is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion to reconsider will be denied.

Despite how he characterizes his emergency motion, Mr. Watts does not seek reconsideration of the January 12, 2011, order, which denied the January 3, 2011, motion for a preliminary injunction. Rather, he cites to a new incident occurring on

January 10, 2011, after the filing of the January 3 motion for a preliminary injunction. Therefore, to the extent Mr. Watts seeks reconsideration of the January 12 order, the motion to reconsider will be denied.

However, the Court will treat the January 28, 2011, emergency motion as a new motion for a preliminary injunction based on the January 10, 2011, incident to which Mr. Watts refers. Mr. Watts alleges that on January 10 he was subjected to excessive force by a member of the prison staff who is not a party to this action.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Watts is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Based on his allegations concerning the January 10, 2011, incident, Mr. Watts fails to demonstrate a substantial likelihood of prevailing on the merits, that he will

suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest. The motion for a preliminary injunction will be denied. Accordingly, it is

ORDERED that the emergency motion to reconsider that Plaintiff, David Watts, filed *pro se* with the Court on January 28, 2011, is denied to the extent Mr. Watts seeks reconsideration of the January 12, 2011, order denying his motion for preliminary injunction. It is

FURTHER ORDERED that the January 28, 2011, emergency motion is denied to the extent Mr. Watts seeks injunctive relief based upon the January 10, 2011, incident. It is

FURTHER ORDERED that Mr. Watts continues to have **thirty (30) days from the date of the January 13, 2011, order** in which to file an amended application pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that Mr. Watts refrain from filing letters or other unnecessary papers until he complies with the directives of the January 13 order for an amended application.

DATED at Denver, Colorado, this 15th day of February, 2011.

BY THE COURT:

*Zita Leeson Weinshienk*
_____
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   10-cv-02956-BNB

David Watts
Prisoner No. 140908
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on February 16, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk