IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 2 2 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02956-BNB

DAVID WATTS,

    Applicant,

v.

KEVIN MILYARD (Warden – S.C.F.),

    Respondent.

---

ORDER OF DISMISSAL

---

Applicant, David Watts, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Watts filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a prisoner's motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 in a habeas corpus action. He was granted leave to proceed pursuant to 28 U.S.C. § 1915.

On January 13, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Watts to file within thirty days an amended habeas corpus application that only asserted claims appropriate in a 28 U.S.C. § 2241 action, *i.e.*, claims that challenge the execution of his sentence. Magistrate Judge Boland also pointed out that the amended application Mr. Watts was directed to file must comply with Rule 8 of the Federal Rules of Civil Procedure and Rule 4 of the Rules Governing Section 2254 Cases, and that Rule 1(b) of the Section 2254 Rules applied the rules to habeas corpus actions pursuant to § 2241.

On January 28, 2011, Mr. Watts filed an amended habeas corpus application. The Court must construe Mr. Watts' filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended application will be denied, and the action dismissed.

In the amended application, Mr. Watts alleges that he was convicted in Wisconsin in 1996, and sentenced to 180 years of incarceration. As in the application he originally filed, he again complains that he was transferred involuntarily to the DOC on April 4, 2008, from a correctional facility in Wisconsin after he served as a witness in a first-degree murder and robbery case there. He insists he is a Wisconsin inmate only, is illegally confined in Colorado, and is entitled to be released from custody because his transfer to the DOC, in effect, vacated his sentence. As relief he asks for his immediate release from DOC custody "because they have no jurisdiction OVER ME." Amended application at 5.

In the January 13, 2011, order for an amended application, Magistrate Judge Boland warned Mr. Watts that it was questionable whether the instant action properly was brought under § 2241 because Mr. Watts primarily appeared to attack his transfer from one state to another, which cannot be the basis for a § 2241 habeas corpus action. *See Montez v. McKinna*, 208 F.3d 862, 865-66 (10th Cir. 2000). Magistrate Judge Boland also pointed out to Mr. Watts that he appeared to assert claims challenging the conditions of his confinement, and that such claims properly may be raised in a separate civil rights action pursuant to 42 U.S.C. § 1983, assuming they

assert violations of his federal constitutional rights. *See, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

In the amended application, Mr. Watts again appears to assert claims challenging the conditions of his confinement, not claims challenging the execution of his sentence. The claims asserted by Mr. Watts are without merit. Neither the United States Constitution nor any federal law prohibits the transfer of an inmate from one state to another. *See Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983); *see also Montez*, 208 F.3d at 865-66. In addition, there is no federal constitutional right to incarceration in any particular prison. *See Twyman v. Crisp*, 584 F.2d 352, 355-56 (10th Cir. 1978) (citing *Meachum v. Fano*, 427 U.S. 215, 226-27 (1976)). Therefore, the amended application will be denied, and the action dismissed.

Accordingly, it is

ORDERED that the amended habeas corpus application pursuant to 28 U.S.C. § 2241 is denied, and the action dismissed. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this 17th day of February, 2011.

BY THE COURT:

_____
ZITA LEESON WEINSHEINK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02956-BNB

David Watts
Prisoner No. 140908
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on February 22, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk